(No. 3639— )

JOHN LEONARD ROWLEY AND EDITH ROWLEY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 10, 1942.*

WILLIAM P. LOWREY, JR., for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Claimants seek an award in the amount of $448.88 on the basis of equity and good conscience.

Claimants represent that they are the owners of certain described real estate in the City of Joliet, Will County, Illinois. That the property immediately west of and adjoining that of the claimants and which was the same size, was for the revenue years 1935 to 1939 erroneously assessed in the claimants' name and that the claimants in good faith relied upon the authenticity and correctness of said tax statements and paid the amounts shown on said tax statements for said years in the total amount of $165.86. That said amount of $165.86 has been paid to them by Emma Ulm, the owner of the adjoining property, which was assessed to the claimants. That the real estate owned by the claimants which adjoined that assessed to them, has had no taxes paid on it since the revenue year 1935, and there has accrued in back taxes, interest, penalties and costs the sum of $614.74. It is this sum less $165.86 which they paid as taxes on the property adjoining theirs, and which they have received from the owner of such property, that claimants ask be awarded to them.

Claimants further represent that on September 9, 1940, they made a demand on the County Treasurer of Will County, Illinois, to rectify the records of his office and to credit the payments made by these claimants on the real estate described, but said clerk refused to comply with such demands and further refused to grant any relief to these claimants.

Thereafter a petition for a writ of mandamus was filed by claimants in the Circuit Court of Will County, Illinois, to compel the County Treasurer aforesaid to reimburse them, or in the alternative, to credit to their account all tax penalties and assessments which appear unpaid as against their particular tract of real estate; that a hearing was held on said petition on September 2, 1941, and a decree entered in said Circuit Court on that date, dismissing their petition for want of equity, inasmuch as there was no authority to sustain their contention, either in law or equity.

This case comes before the court on the complaint, briefs, statements, and arguments of the respective parties. The attorney general filed a motion to dismiss the complaint.

The claimants in their brief state the following:

"Claimants admit that there is no liability on the part of the Sovereign State, but respectfully contend that in equity and good conscience they should be granted the award which they seek."

The Court has carefully examined the complaint, statements, briefs, and arguments on behalf of the parties hereto. Many authorities are cited by each, many of which have been carefully read by the court in the preparation of this opinion.

The claimants in this case paid the taxes, they seek to recover from the State, voluntarily and not under duress, no part of which were received by the respondent, the State of Illinois.

In *LeFevre* vs. *County of Lee*, 353, Illinois, 30, The Supreme Court held that taxes, even though illegal, if paid voluntarily and not under duress can not be recovered by the taxpayer.

"It is well settled in this State that a tax voluntarily paid cannot be recovered back in the absence of a statute providing for such recovery. It is also well settled that the fact that even if the statute under which a·tax is levied and collected was later declared unconstitutional will not authorize an action for its recovery."

*Board of Education* vs. *Toennigs*, 297 Illinois 469.

"The fact that the collector had no right to demand the tax and claimant was under no legal obligation to pay it is of no consequence unless the payment was compulsory in the sense of depriving claimant of its free will."

*Illinois Glass Co.* vs. *Chicago Tel. Co.*, 234 Illinois 535.

*School of Domestic Arts* vs. *Harding*, 331 Illinois 330.

*Western Electric Co.* vs. *State*, 6 C. C. R. 414.

*Article IV, Section 20, Constitution of 1870*, recites:

"The State shall never pay, assume, or become responsible for the debts or liabilities of, or in any manner, give, loan, or extend its credit to, or in aid of any public or other corporation, association or *individual*."

Claimants invoke the doctrine of "equity and good conscience," and on that theory, they expect this court to push aside the provisions of the Constitution and decisions of the Supreme Court for their benefit.

The decisions of this court are guided by the fundamental laws of the State and its own decisions, and those of the Appellate, and Supreme Courts.

In *Oliver* vs. *State*, 1 C. C. R., 218, the predecessor of the present Court of Claims it was said:

"The Commission of Claims is not a bureau of charities, but a court, and under the law creating it, it must determine all claims in accordance with legal principles."

Of like effect was the holding in *Tierney* vs. *State*, 1 C. C. R., 279.

❋ ❋ ❋ ❋ ❋ ❋ ❋

The doctrine of "equity and good conscience" as found in Section Four (4) of Paragraph Six (6) of the *Court of Claims Act* was construed in *Crabtree* vs. *State,* 7 C. C. R., 207, and the ruling as laid down in that case has been consistently followed ever since.

"Equity and good conscience" is not a legal principle, under the laws of the State of Illinois, and the claimants inferentially admit by their pleadings that their claim has no legal or equitable principle as a basis. Equity in Illinois is not a fluid, intangible matter of policy, but, like the law, is a solidified abstract matter of principle.

Inasmuch as claimants admit there is no legal liability on the part of the respondent, to refund these taxes, but contend that in "equity and good conscience" they should be granted the award, brings them squarely in the ruling of the Crabtree case.

The claimants having failed to bring themselves within the provisions of the law entitling them to an award, there is nothing this court can do but deny the claim.

It is therefore ordered that the motion of the Attorney General to dismiss the case be sustained, and the claim is hereby denied.